J-S35003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN BRYANT ROMAN | : | |
| | : | |
| Appellant | : | No. 582 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 9, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002477-2023

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.: **FILED NOVEMBER 25, 2025**

Appellant, John Bryant Roman, appeals from the January 9, 2025 judgment of sentence entered in the Court of Common Pleas of Berks County after Appellant pleaded guilty to two counts of murder of the third degree and one count each of conspiracy to commit murder of the third degree and persons not to possess, use, manufacture, control, sell, or transfer firearms.[1] The trial court sentenced Appellant to an aggregate term of 40 to 80 years' incarceration. We affirm.

The trial court summarized the factual history as follows:

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 903(a)(1), and 6105(a)(1), respectively. Originally, Appellant was charged with, _inter alia_, conspiracy to commit murder of the first degree, 18 Pa.C.S.A. § 903(a)(1), at Count 4 of the Criminal Information but that criminal charge was amended, on January 9, 2025, to conspiracy to commit murder of the third degree. **See** Criminal Information, 8/4/23; **see also** Trial Court Order, 1/9/25; N.T., 1/6/25, at 3.

On June 18, 2023, shortly after 1:00 a.m., [Appellant] and a co-conspirator, Kevin [Irizzarry-DeMarco ("Irizzarry-DeMarco")], fired shots at two men [while they were in] the 400 block of Penn Street in the City of Reading, Berks County, Pennsylvania. Victims, Jorge Mercado-Castro ("Mr. Mercado-Castro") and Jamar Oliver ("Mr. Oliver"), were struck by gunfire. Mr. Oliver was found unconscious, laying in the street[.] Mr. Mercado-Castro was found behind the wheel of a crashed [vehicle located in] the 500 block of Penn Street. On June 19, 2023, at approximately 11:40 p.m., Mr. Mercado-Castro succumbed to his gunshot wound(s). Some twenty minutes later, Mr. Oliver also died. Appellant and Mr. [Irizzarry]-DeMarco came to the area intending to accost an individual they believed to be involved in a prior altercation with Appellant.

Trial Court Opinion, 6/9/25, at 2 (footnote omitted).

On January 6, 2025, in open court, Appellant entered into an open plea agreement[2] whereby the parties agreed that Appellant would plead guilty to the aforementioned criminal offenses in exchange for the Commonwealth agreeing to dismiss the remaining criminal charges filed against Appellant.[3] For each of the third-degree murder convictions, the trial court sentenced Appellant to 20 to 40 years' incarceration. The sentence imposed for his

---

[2] "In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges." **Commonwealth v. White**, 787 A.2d 1088, 1089 n.1 (Pa. Super. 2001).

[3] Upon motion by the Commonwealth, on February 24, 2025, the trial dismissed the remaining charges of murder of the first degree (2 counts), conspiracy to commit murder of the first degree, aggravated assault – serious bodily injury (2 counts), aggravated assault – bodily injury (2 counts), firearms not to be carried without a license, and possessing instruments of crime. 18 Pa.C.S.A. §§ 2502(a), 903(a)(1), 2702(a)(1), 2702(a)(4), 6106(a)(1), and 907(b), respectively; **see also** Criminal Information, 8/4/23; Trial Court Order, 2/24/25.

third-degree murder conviction at Count 6 was set to run consecutively to the sentence imposed for his third-degree murder conviction at Count 5. The trial court sentenced Appellant to 20 to 40 years' incarceration for his conspiracy to commit third-degree murder conviction (Count 4). The sentence imposed at Count 4 was set to run consecutively to the sentence imposed at Count 5 and concurrently to the sentence imposed at Count 6. The trial court sentenced Appellant to 5 to 10 years' incarceration for his conviction of persons not to possess a firearm (Count 12), with the sentence set to run concurrently to the sentence imposed at Count 5. Thus, Appellant's aggregate sentence was 40 to 80 years' incarceration. Appellant was ordered to pay restitution in the amount of $18,344.42, and he received 571 days as credit for time served. Sentencing Orders, 1/9/25.

On January 16, 2025, Appellant filed a timely post-sentence motion that sought reconsideration of the consecutive nature of the sentences imposed for his third-degree murder convictions.[4]  After entertaining argument on

_____

[4] Although Appellant's post-sentence motion contained in the certified record bears a time-stamp as having been received by the Clerk of Court's Office on January 22, 2022, the trial court docket reveals that the post-sentence motion was filed on January 16, 2025. Therefore, Appellant's post-sentence motion was filed on January 16, 2025. Pa.R.A.P. 108.

Appellant's request for reconsideration of the sentences, the trial court denied the post-sentence motion on March 28, 2025.[5]  This appeal followed.[6]

Appellant raises the following issue for our review: "Whether the trial court abused its discretion by unreasonably imposing consecutive statutory maximum sentences [for his third-degree murder convictions]?"  Appellant's Brief at 10 (extraneous capitalization omitted).

Appellant's issue challenges the discretionary aspects of his sentence on the ground the trial court, in imposing consecutive sentences for his two convictions of third-degree murder, failed to consider his rehabilitative needs and mitigating factors.

> "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:
>
> > (1) whether the appeal is timely; (2) whether [the] appellant preserved his[ or her] issues; (3) whether [the] appellant's brief includes a [Pennsylvania Rule of Appellate Procedure] 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the

---

[5] Appellant's judgment of sentence was made final upon denial of his post-sentence motion.  Appellant filed a timely notice of appeal on Monday, April 28, 2025.  1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

[6] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

> concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.
>
> *Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).
>
> "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his [or her] issues at sentencing or in a post-sentence motion. Issues not presented to the [trial] court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a).
>
> "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted).

*Commonwealth v. Pisarchuk*, 306 A.3d 872, 878 (Pa. Super. 2023) (original brackets and extraneous capitalization omitted), *appeal denied*, 318 A.3d 95 (Pa. 2024); *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). The Rule 2119(f) statement "must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the [Sentencing] Code [or] what fundamental norm was violated, and explain how and why the [trial] court violated that particular provision [or fundamental] norm." *Commonwealth v. Feucht*, 955 A.2d 377, 384 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). While it is not necessary that the Rule 2119(f) statement

"provide elaborate factual and procedural details," the statement must provide more than "bald assertions or non-specific claims of error [and] must state the way in which the penalty imposed is inappropriate." *Feucht*, 955 A.2d at 384. A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Preliminarily, we must determine whether Appellant has the right to seek permission to appeal the discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the [trial] court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). It is well-settled that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted) (stating, "[p]ermitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained"), *appeal denied*, 990 A.2d 726 (Pa. 2010); *see also Morrison*, 173 A.3d at 290. "Where a defendant pleads guilty without any agreement as to sentence, [however,] the defendant

retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing." **Brown**, 982 A.2d at 1019, *relying on*, **Commonwealth v. Dalberto**, 648 A.2d 16, 21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995).

Here, pursuant to the open plea agreement accepted by the trial court on January 9, 2025, Appellant agreed to plead guilty to the aforementioned criminal convictions without an agreement as to the sentences he would receive for each of his convictions. Therefore, Appellant retained the right to petition this Court for allowance of appeal with respect to the discretionary aspects of his sentence. **Brown**, 982 A.2d at 1019.

In seeking his appeal, Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary aspects of his sentence in a timely post-sentence motion. In his Rule 2119(f) statement, Appellant contends that the trial court failed to consider mitigating factors, including his rehabilitative needs, "in fashioning a sentence that is the functional equivalent of life with no meaningful opportunity for parole." Appellant's Brief at 12. Appellant asserts that although "the sentence is within the guidelines, application of those guidelines to sentence Appellant in a manner that provides no meaningful opportunity for parole is against the sentencing norms." **Id.** In other words, the consecutive nature of Appellant's sentences, without consideration of mitigating factors, such as his rehabilitative needs, resulted in an excessive sentence, which, according to Appellant, would likely result in incarceration for the remainder of his life given that he was 33 years' old at

the time of sentencing. Such a claim raises a substantial question. ***See***
***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en*
*banc*) (finding, a substantial question exists where a defendant challenges the
imposition of consecutive sentences as unduly excessive, together with a claim
that the trial court failed to consider mitigating factors, such as rehabilitative
needs, in fashioning the sentences). Therefore, we proceed to consider the
merits of Appellant's discretionary sentencing claim.

In reviewing sentencing matters, we are mindful of our well-settled
standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial
> court], and a sentence will not be disturbed on appeal absent a
> manifest abuse of discretion. In this context, an abuse of
> discretion is not shown merely by an error in judgment. Rather,
> the appellant must establish, by reference to the record, that the
> [trial] court ignored or misapplied the law, exercised its judgment
> for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived
> at a manifestly unreasonable decision.

***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9721(b) of the Sentencing Code requires a trial court, in
fashioning its sentence, to, *inter alia*, "follow the general principle that the
sentence imposed should call for total confinement that is consistent with
[S]ection 9725 (relating to total confinement) and the protection of the public,
the gravity of the offense as it relates to the impact on the life of the victim
and on the community, and the rehabilitative needs of the defendant." 42
Pa.C.S.A. § 9721(b).

- 8 -

Appellant contends that the trial court, in sentencing him to the statutory limit of 20 to 40 years' incarceration for each of his third-degree murder convictions and setting those sentences to run consecutively to each other, failed to consider the mitigating factor of his rehabilitative needs. Appellant's Brief at 22. Appellant asserts that the trial court, in denying his post-sentence motion, noted that "although a considerable sentence, the punishment meets the crime in accord with what the law requires, while the opportunity remains for rehabilitation and parole." *Id.*; *see also* Trial Court Order, 3/28/25. Appellant argues that "the opportunity does not truly remain for parole when Appellant would not even be considered [for parole] until he is well into his 70's." Appellant's Brief at 22-23. Appellant contends that the trial court could have imposed a sentence of 14 to 28 years' incarceration for each of his third-degree murder convictions and still set the sentences to run consecutively, which would have "at least given Appellant the chance to prove that he has been rehabilitated and deserves an opportunity for parole."[7] *Id.* at 23.

The trial court explained the reasons underlying the imposition of its sentences as follows:

_____

[7] A conviction for third-degree murder has an offense gravity score of 14. 204 PA. CODE § 303.15. Appellant's prior record score was 4. N.T., 1/9/25, at 38. Therefore, at the time of sentencing, a standard range sentence for Appellant's third-degree murder convictions ranged from 14 years' to the statutory limit of 40 years' incarceration. 204 PA. CODE § 303.16(a); *see also* 18 Pa.C.S.A. § 1102(d).

In the case at hand, the trial court considered the relevant factors when fashioning its sentence, accepting Appellant's guilty plea[,] and affording him the right to allocution, which he accepted. Appellant spoke to the trial court of his remorse for his actions and extended apologies to the families of his victims. Without objection, the trial court received and reviewed victim impact letters provided by family and friends of the victims. The trial court listened to and considered statements made by individuals speaking on behalf of Appellant, asking for leniency. The trial court also reviewed Appellant's pre-sentence investigation [("PSI")] report. Taking all these things into careful and reflective consideration, the trial court imposed its sentence.

As Appellant acknowledges in his motion, the imposed sentence falls squarely within the statutory guidelines. The offense gravity score for each count of [third-degree murder] is 14 and [Appellant's] prior record score is four, making the standard range sentence 168 months to the statutory limit. At the time of sentencing, the trial court considered the gravity of the crime, the impact upon the community, Appellant's rehabilitative needs, his prior record, the [PSI] report, letters submitted by Appellant's attorney, impact and other additional evidence, and the sentencing guidelines.

The gravity of the crimes upon Appellant's victims is as grave as possible - two men lost their lives due to the reckless wielding of deadly power. The danger posed to the community by individuals willing to carry and use firearms when they are barred from possessing them is considerable. According to the [PSI] report, Appellant had previously been sentenced in at least six other matters in three Pennsylvania counties prior to the two murders before this trial court. Appellant also had his probation and parole revoked multiple times in at least three of those earlier dockets.

As set forth on the record at sentencing, Appellant['s] crimes escalated in severity over more than 15 years, culminating in a double homicide. The prior record evinced a willingness to engage in violence and portended the potential for murder. Based upon Appellant's actions and prior record, the trial court viewed Appellant as a threat to the public. The trial court found the impact to the community and the victims to be grave. Taking these things into consideration, the trial court imposed a substantial, albeit lawful and appropriate[,] sentence upon Appellant within the sentencing guidelines. Although the trial court appreciated statements made by Appellant and his family

- 10 -

calling for leniency in sentencing, they were more persuasive to the trial court in accepting the agreement between the Commonwealth and Appellant that the prosecution would forego [pursuing two charges of murder of the first degree, ()for which there is no discretion in sentencing should Appellant be convicted on either[ or ]both charges) in exchange for Appellant's plea to [third-degree murder]. Put simply, although a considerable sentence, the punishment meets the crime in accord with what the law requires, while the opportunity remains for rehabilitation and parole.

. . .

At argument on Appellant's post-sentence motion, the Commonwealth argued Appellant's willingness to take responsibility for his actions was why prosecutors agreed to: (1) allow Appellant to enter a plea to [third-degree murder]; (2) not seek the deadly weapon enhancement as part of sentencing; and (3) not seek a "life-in-prison" sentence.[8] As [the] Commonwealth noted, "Appellant does have the possibility of parole."

. . .

The criminal conduct at issue in Appellant's case is the killing of two men, wherein Appellant and his co-conspirator brought themselves to the location with the intent of engaging one of the victims. Appellant brought a handgun to this altercation of his own choosing, knowing he was not permitted to possess a firearm. Appellant then chose to wield deadly power to the fullest extent by committing murder. It is somewhat misleading to suggest that Appellant is seeking leniency in sentencing - it would be more accurate to say he is seeking additional leniency. Appellant was facing two counts of [first-degree murder] and a conviction on either of those counts would have resulted in mandatory

---

[8] Pursuant to 42 Pa.C.S.A. § 9715, upon reasonable notice from the Commonwealth, the trial court would have been required to impose a mandatory life sentence enhancement on Appellant's second conviction of third-degree murder. At the hearing on Appellant's post-sentence motion, the Commonwealth acknowledged that it chose not to seek a mandatory life sentence on the second conviction for third-degree murder in light of Appellant's remorse for the crimes and his taking of responsibility for his actions. N.T., 2/24/25, at 4.

[sentence of] life in prison without parole. In the eyes of the trial court, with Appellant's admission to the facts of record during his plea, Appellant was afforded considerable leniency when he was permitted to enter a plea to two counts of [third-degree murder.]

As discussed, the trial court's imposition of two lengthy but appropriate consecutive sentences is considerable, but it is within the sentencing guidelines. The trial court did not choose to aggravate or mitigate the sentence. While it is understandable that Appellant wishes he had received more leniency, and although he may truly be repentant, that does not erase the gravity of the crimes he committed or the danger he poses to the community in his willingness to engage [in] indiscriminate gun violence.

Trial Court Opinion, 6/9/25, at 5-8 (record citations, extraneous capitalization, and original brackets omitted).

It is well-settled that "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013); *see also* 42 Pa.C.S.A. § 9721(a) (stating, a trial court may impose a sentence consecutively or concurrently). Additionally, when a trial court orders and reviews a PSI report prior to sentencing, this Court presumes that the trial court "was aware of all relevant sentencing factors." *Commonwealth v. Knox*, 219 A.3d 186, 199 (Pa. Super. 2019), *appeal denied*, 228 A.3d 256 (Pa. 2020).

In fashioning its sentence, the trial court stated that it considered, *inter alia*, Appellant's PSI report, as well as statements made on behalf of Appellant. N.T., 1/9/25, at 65-66. The trial court heard testimony from Appellant's

family, as well as argument from Appellant's counsel, about how Appellant struggled with drug addiction since the death of his grandmother, who adopted and raised Appellant after he was placed in foster care. *Id.* at 44, 47 and 60. Counsel also expressed Appellant's desire to learn new skills and obtain his general educational development ("GED") certificate while incarcerated. *Id.* at 62. As such, the record demonstrates that the trial court was aware of, and considered, Appellant's rehabilitative needs in fashioning the individualized sentences. Consequently, we discern no error of law or abuse of discretion in the sentence imposed by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2025